## In re MOORE.

(District Court, D. Oregon. August 20, 1896.)

### No. 4,166.

1. FEDERAL AND STATE COURTS—HABEAS CORPUS—ILLEGAL INTERSTATE RENDITION.
   The imprisonment of one committed for trial on a criminal charge, under state process which is regular and valid in itself, is not rendered illegal, so as to justify his release on habeas corpus by a federal court, by the fact that the prisoner was brought back from another state as a fugitive from justice, by means of extradition warrants procured by false affidavits. Kerr v. Illinois, 7 Sup. Ct. 225, 119 U. S. 437, Mahon v. Justice, 8 Sup. Ct. 1204, 127 U. S. 712, and Cook v. Hart, 13 Sup. Ct. 40, 146 U. S. 183, applied.

2. SAME.
   Even if the federal courts have authority to release a person who has been brought within a state and committed for trial on a criminal charge, on extradition process procured by false affidavits, yet a federal court will not exercise such power in advance of a determination of the question involved by the state courts. Cook v. Hart, 13 Sup. Ct. 40, 146 U. S. 183, followed.

This was a petition by C. F. Moore for a writ of habeas corpus.

W. T. Hume, for petitioner.

D. J. Malarkey, for respondent.

BELLINGER, District Judge. The facts, as they appear from the petition for a writ of habeas corpus, are that the petitioner is held by the sheriff of Multnomah county under a commitment is-

sued out of the municipal court of the city of Portland. A copy of the commitment is attached to the petition, from which it appears that the commitment is issued in a criminal action for the crime of larceny in a store. It is alleged in the petition that this imprisonment is illegal, and in violation of the constitution and laws of the United States, for the following reasons: That the petitioner was arrested in the state of Washington, in pursuance of a requisition by the governor of Oregon, as a fugitive from justice, for an alleged crime committed in the latter state; that, under the laws of Washington and the constitution and laws of the United States, it was necessary for the state of Washington to establish the fact that the petitioner was a fugitive from justice from the state of Oregon before delivering him into the custody of the demanding state, and that while such matter was pending in the magistrate's court at Spokane, and before hearing thereon, the petitioner was secretly and forcibly taken into the custody of agents of the state of Oregon, and removed from the state of Washington to this state, where he now is; that the governors of the two states were deceived by false affidavits and testimony furnished them, and issued extradition warrants and warrants of arrest, based upon such false testimony, as to the petitioner having fled from Oregon; and that the petitioner is not guilty of the crime charged. The petitioner states at some length facts and circumstances to show that he was not a fugitive from justice, but that, on the contrary, he was ordered to leave the state by the chief of police of Portland, and did so unwillingly, informing such officer at the time of his destination.

In Cook v. Hart, 146 U. S. 183, 13 Sup. Ct. 40, it is held that the court will not interfere to relieve persons who have been arrested and taken by violence from the territory of one state to that of another, where they are held under process legally issued from the courts of the latter state. The opinion reviews earlier decisions of the supreme court, among them the case of Mahon v. Justice, 127 U. S. 700, 8 Sup. Ct. 1204, where the conclusion was reached that the jurisdiction of the court of the state in which the indictment was found was not impaired by the manner in which the accused was brought before it; "that the offender against the law of the state is not relieved from liability because of personal injuries received from private parties, or because of indignities committed against another state." In the case of Cook v. Hart the petitioner had been surrendered by the governor of Illinois upon a requisition of the governor of Wisconsin, for an alleged crime committed in the latter state. A statute of Wisconsin makes it a crime for any officer, director, manager, or agent of any bank, etc., to receive on deposit or for safe-keeping or to loan, from any person, any money, when he knows or has good reason to believe that such bank is unsafe or insolvent. The petitioner was the principal owner in, and had general supervision of, a bank at Juneau, Wis. It was alleged that on June 20, 1890, the petitioner received a deposit in such bank, knowing at the time that it was unsafe and insolvent. This was the crime for which the petitioner was held. It was claimed for the writ, and the facts were conceded, that the petition-

er was not at Juneau at the time of the alleged crime, but was in fact in the state of Illinois, where he resided; that the alleged deposit was made at 4 o'clock in the afternoon of June 20th, after the petitioner's arrival in Chicago, which place he had reached after a continuous journey from Beaver Dam, without passing through Juneau. Upon these facts, it was contended, as it is contended in this case, that the petitioner was not a fugitive from justice, and that, unless a fugitive from justice, his arrest and detention was without jurisdiction, and was contrary to the rights guarantied under the constitution. It was sought to distinguish the case from those of kidnapping by third parties, upon the ground that the arrest in Illinois was under and by virtue of an act of congress, and hence the party could ask the court to inquire whether the power thus invoked was properly exercised. Such is the contention in the present case. It is claimed upon the facts alleged that the petitioner, Moore, was not a fugitive from justice, and that there was therefore no warrant for his extradition. In my opinion, it makes no difference whether the party invoking the writ is kidnapped and brought within the demanding state, or whether he is brought there under extradition proceedings wrongfully obtained. If he has been delivered to the demanding state, and is held under process legally issued from its courts, there is no more reason for interference by habeas corpus in the one case than in the other. The supreme court in the case cited did not deem it necessary to consider such distinction. As to this, the court further said:

"Some reasons are, however, suggested for holding that, if he were not in fact a fugitive from justice, and entitled to be relieved upon that ground by the courts of the surrendering state, he ought not to be deprived of that right by a forced deportation from its territory before he could have an opportunity of suing out a writ of habeas corpus. That question, however, does not necessarily arise in this case, since the record before us shows that he did sue out such writ before the criminal court of Cook county, and acquiesced in its decision remanding him to the custody of the officer."

The opinion goes on to state that where a person is in custody under process from a state court of original jurisdiction for an alleged offense against the laws of that state, and it is claimed that he is restrained of his liberty in violation of the constitution of the United States, the circuit court of the United States has a discretion whether it will discharge him in advance of his trial in the court in which he is indicted, although this discretion will be subordinated to any special circumstances requiring immediate action; that "while the federal courts have the power and may discharge the accused in advance of his trial, if he be restrained of his liberty in violation of the federal constitution or laws, they are not bound to exercise such power, even after a state court has finally acted upon the case, but may, in their discretion, require the accused to sue out his writ of error from the highest court of the state, or even from the supreme court of the United States; and that while the power to issue writs of habeas corpus to state courts, which are proceeding in disregard of rights secured by the constitution and laws of the United States, may exist, the practice of exercising such

power before the question has been raised or determined in the state court is one which ought not to be encouraged." If the intimation is derived from this that the federal courts have the power to interfere and relieve a party who has been brought within the state on extradition process issued upon false affidavits, but held under process legally issued by a court of the state, yet the opinion of the supreme court, that the practice of exercising such power in advance of a determination of the question involved by the state court is one that ought not to be encouraged, precludes the exercise of such power in a case like this.

In this case the executive warrant has performed its office. The petitioner is not held in virtue of it. His imprisonment is not illegal unless his extradition makes it so, and an illegal extradition is no greater violation of his rights of person than his forcible abduction. If a forcible abduction from another state, and conveyance within the jurisdiction of the court holding him, is no objection to his detention and trial for the offense charged, as held in Mahon v. Justice, 127 U. S. 712, 8 Sup. Ct. 1204, and in Kerr v. Illinois, 119 U. S. 437, 7 Sup. Ct. 225, no more is the objection allowed if the abduction has been accomplished under the forms of law. The conclusion is the same in each case. The act complained of does not relate to the restraint from which the petitioner seeks to be relieved, but to the means by which he was brought within the jurisdiction of the court under whose process he is held. It is settled that a party is not excused from answering to the state whose laws he has violated because violence has been done him in bringing him within the state. Moreover, if any injury was done in this case in issuing the requisition upon the state of Washington without grounds therefor, the injury was not to the petitioner, but to that state whose jurisdiction was imposed upon by what was done. The United States do not recognize any right of asylum in the state where a party charged with a crime committed in another state is found; nor have they made any provision for the return of parties who, by violence and without lawful authority, have been abducted from a state; and, whatever effect may be given by a state court to the illegal mode in which a defendant is brought from another state, no right secured under the constitution and laws of the United States is violated by his arrest and imprisonment for crimes committed in the state into which he is brought. Mahon v. Justice, 127 U. S. 715, 8 Sup. Ct. 1204. Petition dismissed.